**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:26-cv-01898 |
| | ) | |
| NEW MEXICO SUPREME COURT and | ) | **COMPLAINT** |
| NEW MEXICO BOARD OF BAR | ) | |
| EXAMINERS, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, the United States of America (the "United States"), alleges as follows:

**NATURE OF THE ACTION**

1. The United States brings this action under the Servicemembers Civil Relief Act

(SCRA), 50 U.S.C. § 3901, *et seq*., against Defendants New Mexico Supreme Court (the

"Supreme Court") and New Mexico Board of Bar Examiners, a standing committee and agency

of the New Mexico Supreme Court (the "Board"), for engaging in a pattern or practice of

violating the SCRA. The Supreme Court and the Board are collectively referred to herein as

"Defendants."

2. The purpose of the SCRA is to "provide for, strengthen, and expedite the national

defense" by enabling servicemembers "to devote their entire energy to the defense needs of the

Nation." 50 U.S.C. § 3902(1).

3. One of the rights granted by the SCRA is the right of servicemembers and

military spouses to portability of their professional licenses. 50 U.S.C. § 4025a. Section 4025a of

the SCRA provides that "[i]f a servicemember or the spouse of a servicemember has a covered

license and relocates residence because such servicemember receives military orders for military service in a State other than the State of the licensing authority that issued the covered license, such covered license shall be considered valid for the scope of practice in the State of the new residence if such servicemember or spouse submits to the licensing authority of such State an application" that meets the requirements set forth in 50 U.S.C. § 4025a(c). 50 U.S.C. § 4025a(a).

4.    The term "covered license" means a professional license that, with respect to a scope of practice: (a) is in good standing with the licensing authority that issued such license; (b) has not been revoked or had discipline imposed by any State; (c) does not have an investigation relating to unprofessional conduct pending in any State relating to it; and (d) has not been voluntarily surrendered while under investigation for unprofessional conduct in any State. 50 U.S.C. § 4025a(f)(1).

5.    From December 23, 2024, to the present, Defendants have engaged in a pattern or practice of violating the SCRA by refusing to recognize as valid the out-of-state law licenses of qualifying servicemembers and military spouses in accordance with 50 U.S.C. § 4025a.

6.    Defendants' actions undermine the express purpose of the SCRA, which is to support military readiness and the national defense.  Defendants' refusal to comply with federal law has harmed military families, decreased the financial readiness of our Armed Forces, and prevented military spouse attorneys from pursuing employment opportunities in the state of New Mexico.

<strong>JURISDICTION AND VENUE</strong>

7.    This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345 and 50 U.S.C. § 4041.

2

8. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the Defendants reside in the District of New Mexico and a substantial part of the events or omissions giving rise to the claim occurred within the District of New Mexico.

## DEFENDANTS NEW MEXICO SUPREME COURT AND NEW MEXICO BOARD OF BAR EXAMINERS

9. The Supreme Court is the head of the Judicial Department of the state of New Mexico.

10. The primary purpose of the Supreme Court is to oversee all aspects of the Judicial Department, including regulating the admission of persons into the practice of law and regulating the practice of law within the state of New Mexico. N.M. CONST. art. VI, § 3.

11. The Supreme Court has the authority to grant or withhold licenses to practice law in the state of New Mexico.

12. Defendant New Mexico Board of Bar Examiners is a standing committee and agency of the Supreme Court.

13. The Supreme Court has delegated to the Board the power to administer the process for admission to the practice of law, "including determining whether an applicant has the necessary qualifications and meets the requirements prescribed by" the rules adopted by the Supreme Court, "recommending an applicant's admission to the Supreme Court, and other steps for finalizing an applicant's licensure[.]" Rule 15-201 New Mexico Rules Annotated ("NMRA").

14. The primary purpose of the Board is to oversee and administer the attorney admissions process on behalf of the Supreme Court.

15. Any person seeking a license to practice law in the state of New Mexico is required to submit an application through the Board.

3

16.     While the Supreme Court retains the final authority to grant or deny applications for licenses to practice law, the Board makes recommendations as to whether an application should be granted or denied and controls which applications are presented for the Supreme Court's consideration.

17.     By controlling which applications are presented to the Supreme Court, the Board can effectively deny a license to practice law by not presenting an application to the Supreme Court or by determining that an application for licensure is "incomplete."

## FACTUAL ALLEGATIONS

18.     Liam Lees, Esq. is an attorney licensed to practice in the states of Texas, Maryland, and Washington.

19.     Mr. Lees has been married to U.S. Air Force Major (Maj) Kaitlyn Shaughnessy since March 4, 2023.

20.     Mr. Lees received his initial legal education in the United Kingdom and was admitted to practice in courts in Scotland, England, and Wales.

21.     In May 2024, Mr. Lees received a Master of Laws (LL.M.) degree from William and Mary Law School, an American Bar Association-accredited (ABA-accredited) law school in Williamsburg, Virginia.

22.     On October 7, 2024, Mr. Lees received a license to practice law in the state of Texas.

23.     On May 9, 2025, Mr. Lees received a license to practice law in the state of Washington.

24.     On December 18, 2025, Mr. Lees received a license to practice law in the state of Maryland.

25.     Mr. Lees is in good standing in all jurisdictions in which he holds or has held a license. He has never had a license revoked or had discipline imposed by any jurisdiction, does not have an investigation relating to unprofessional conduct pending in any jurisdiction, and has never voluntarily surrendered any license while under investigation for unprofessional conduct.

26.     Mr. Lees does not have a covered license to operate in multiple states pursuant to an interstate compact described in 10 U.S.C. § 1784 and, therefore, is not disqualified from obtaining license portability under Section 4025a. *See* 50 U.S.C. § 4025a(e).

27.     In April 2024, Maj Shaughnessy received permanent change of station orders transferring her from Joint Base Langley-Eustis in Hampton, Virginia to Holloman Air Force Base in Alamogordo, New Mexico. The orders required her to report for duty at Holloman Air Force Base no later than June 17, 2024.

28.     After receiving these orders, Maj Shaughnessy and Mr. Lees relocated their residence from Yorktown, Virginia to Las Cruces, New Mexico.

29.     In early 2025, Mr. Lees received an offer of employment from the State of New Mexico, Third Judicial District Attorney's Office in Las Cruces (the "DA's Office"), to work as a trial attorney, contingent on Mr. Lees' admission to practice law in New Mexico.

30.     After receiving the offer of employment, Mr. Lees contacted the Board to apply for a license and was told he was ineligible because he only holds an LL.M. and not a juris doctor or bachelor of laws and letters degree.

31.     Rule 15-202 NMRA requires that every applicant for any method of licensure prove that they are "a graduate with a juris doctor degree or bachelor of laws and letters degree (but not only a master of laws degree) from a law school that is: (a) formally accredited by the ABA; or (2) not formally accredited by the ABA, in which event the applicant must also show

admission to the practice of law in one or more other states for at least four (4) of the six (6) years immediately preceding the application." Rule 15-202(A)(2) NMRA.

32.    In February 2025, Mr. Lees filed a petition with the Supreme Court seeking a waiver of the requirement in Rule 15-202(A)(2) NMRA that an applicant hold a juris doctor or bachelor of laws and letters degree.

33.    On April 14, 2025, Supreme Court denied Mr. Lees' waiver petition without comment by a 3-2 vote.

34.    In July 2025, Mr. Lees began working at the DA's Office as a law clerk.

35.    Mr. Lees' salary as a law clerk was significantly lower than the salary he would have earned as a trial attorney.

36.    While working as a law clerk at the DA's Office, Mr. Lees became aware that as the spouse of a servicemember who had relocated to New Mexico due to military orders and the holder of a covered license, he qualified for license portability under Section 4025a of the SCRA.

37.    On November 12, 2025, Mr. Lees emailed an application to the Board requesting license portability pursuant to Section 4025a of the SCRA. His application included:

    a.    A copy of Maj Shaughnessy's permanent change of station orders assigning her to Holloman Air Force Base and listing Mr. Lees as her spouse;

    b.    A copy of Maj Shaughnessy and Mr. Lees' marriage certificate;

    c.    A notarized affidavit signed by Mr. Lees affirming, under the penalty of law, that—

        i.    He is the person described and identified in the application;

ii. All statements made in the application are true and correct and complete;

iii. He has read and understands the requirements to receive a license under 50 U.S.C.§ 4025a and the scope of practice rules governing attorneys in the state of New Mexico;

iv. He certifies that he meets and shall comply with requirements to receive a license under 50 U.S.C.§ 4025a and the scope of practice rules governing attorneys in the state of New Mexico; and

v. He is in good standing to practice law in Texas and Washington state, with no current or past disciplinary actions.

38. On November 17, 2025, the Board's Executive Director emailed Mr. Lees instructing him to apply through the Board's online portal. The email advised Mr. Lees to apply for licensure under Rule 15-306 NMRA, which allows military spouse attorneys to apply for a limited license if they meet certain qualifications, including holding a juris doctor or bachelor of laws and letters degree.

39. In the same email, the Executive Director warned Mr. Lees that even though he was being allowed to apply under Rule 15-306 NMRA, he "may not qualify based on the legal education issue (Rule 15-202 NMRA)" and that if "the Board later determines that you do not hold the necessary qualifications, your application fee is non-refundable to Rule 15-204(A) NMRA."

40. On November 17, 2025, Mr. Lees submitted an application for a military spouse attorney limited license through the Board's online portal and attached a copy of his spouse's military orders.

41.     In order to submit an application through the Board's online portal, Mr. Lees was required to submit documentation not included in Section 4025a of the SCRA, including transcripts, test scores, and references, and was required to pay non-refundable fees for the application and a character and fitness investigation.

42.     On November 24, 2025, the Board's Executive Director informed Mr. Lees the Board did not consider his online application "complete" because he did not hold a juris doctor or bachelor of laws and letters degree.

43.     The Board did not submit Mr. Lees' November 12, 2025 email application or his November 17, 2025 online application to the Supreme Court.

44.      On December 10, 2025, Mr. Lees withdrew his online application.

45.     In January 2026, Mr. Lees learned that the AAG for Civil Rights had issued a letter to State Bar and Court Systems explaining their obligation to implement the SCRA's license portability provisions.

46.     On January 2, 2026, Mr. Lees emailed the Board a copy of the AAG's letter and asked if the Board would be changing its position in order to comply with the SCRA and if he would be able to reinstate his withdrawn online application.

47.     On January 5, 2026, the Board responded by stating that the Board had received a copy of "this letter when it was sent by the DOJ" but "at this time, their position/process has not changed."

48.     On January 5, 2026, Mr. Lees emailed the Supreme Court Clerk's Office directly informing them of the SCRA's license portability requirements.

49.     On January 5, 2026, the Supreme Court Clerk's Office responded to Mr. Lees' email stating that it "may not consider ex parte communications concerning pending or impending matters."

50.     On January 16, 2026, Mr. Lees contacted the U.S. Attorney's Office for the District of New Mexico to report that the Supreme Court and the Board had refused to grant him license portability pursuant to 50 U.S.C. § 4025a.

51.     On February 17, 2026, the First Assistant United States Attorney for the District of New Mexico sent a letter addressed to the Chief Justice of the Supreme Court and the Chair of the Board. The letter explained the rights granted to servicemembers and their spouses under 50 U.S.C.§ 4025a and urged the Supreme Court and the Board to comply with the SCRA by granting license portability to Mr. Lees.

52.     On February 17, 2026, Mr. Lees again emailed an application to the Board, requesting license portability pursuant to Section 4025a of the SCRA.

53.     The Board did not submit Mr. Lees' February 17, 2026 application to the Supreme Court.

54.     Instead, on March 3, 2026, the Chair of the Board sent a letter to Mr. Lees arguing that "[t]he federal law you cite, 50 U.S.C. § 4025a applies to 'licensing authorities' . . . The New Mexico Board of Bar Examiners does not fall within this definition. . . The Board is not 'authorized to issue licenses'. Law licenses in New Mexico are not issued or regulated by any board, commission, department or agency. Instead, the New Mexico Supreme Court has to [sic] ultimate authority to decide whether to grant or withhold an admission to practice law in the State."

55.    On May 15, 2026, and June 5, 2026, the Supreme Court sent letters to the Civil Rights Division and the United States Attorney's Office suggesting that the Court was not covered by the SCRA because attorney licensing is not its primary purpose.

56.    On June 9, 2026, counsel for the Civil Rights Division and the United States Attorney's Office had a videoconference with counsel for the Supreme Court and the Board as a final attempt to discuss Defendants' obligations under 50 U.S.C. § 4025a before filing this complaint.

57.    Defendants have failed and refused to recognize Mr. Lees' covered licenses as valid to practice law in the state of New Mexico.

58.    Due to Defendants' failure to recognize his covered licenses as valid in the state of New Mexico, Mr. Lees was unable to accept a position as a trial attorney with the DA's Office and suffered a loss of income.

59.    Upon information and belief, since December 23, 2024, Defendants may have also failed and refused to recognize the covered law licenses of other servicemembers and military spouses as valid to practice law in the state of New Mexico.

## CAUSE OF ACTION

### VIOLATION OF THE SERVICEMEMBERS CIVIL RELIEF ACT

60.    The allegations of paragraphs 1 through 59 are hereby realleged and incorporated by reference.

61.    Defendants are licensing authorities within the meaning of 50 U.S.C. § 4025a.

62.    Defendants engaged in a pattern or practice of violating 50 U.S.C. § 4025a and engaged in violations of 50 U.S.C. § 4025a that raise an issue of significant public importance when, from December 23, 2024, to the present, they:

a.  failed to recognize as valid the covered licenses of servicemembers and military spouses who relocated to New Mexico because of military orders for military service;

b.  rejected the applications of at least one SCRA-qualified applicant to practice law in the state of New Mexico; and

c.  failed to provide servicemembers and their spouses with an application process consistent with the SCRA and required such applicants to apply through a more burdensome process than is permitted by the SCRA.

63.  Although Defendants have adopted a rule that allows military spouses to apply for a limited license to practice law in New Mexico, the rule imposes far more requirements for admission than Section 4025a and does not cover servicemembers at all. *See* Rule 15-306 NMRA.

64.  Under New Mexico's Rules Governing Admission to the Bar, a military spouse must satisfy requirements beyond those listed in the SCRA, such as:

(1) having graduated with a juris doctor or bachelor of laws and letters degree (but not only a masters of law degree) from a law school that is

(a) formally accredited by the ABA; or

(b) not formally accredited by the ABA, in which event the applicant must also show admission to the practice of law in one or more other states for at least two (2) of the four (4) years immediately preceding submission of an application. Rules 15-306(C)(1) and 15-202(A)(2);

(2) being in compliance with all child support and spousal support obligations imposed under a judgment and order of support. Rules 15-306(C)(1) and 15-202(A)(4);

(3) providing a certificate of good standing for every state in which the applicant has ever been admitted to practice law. Rules 15-306(C)(1) and 15-202(A)(3);

(4) having achieved a scaled score of eighty (80) or higher on the Multistate Professional Responsibility Examination. Rule 15-306(C)(4);

(5) submitting a signed certificate of understanding attesting that the applicant has read and is familiar with the Creed of Professionalism of the State Bar of New Mexico and various practice-related rules and statutes. Rules 15-306(C)(1) and 15-202(A)(5);

(6) providing a properly authenticated law school transcript. Rule 15-203(C)(1);

(7) completing a law school certification form. Rule 15-203(C)(2);

(8) providing character and fitness statements from three (3) actively licensed attorneys certifying that the applicant is a person of good moral character and physically and mentally qualified for admission. Rule 15-203(C)(4);

(9) submitting evidence of attendance at, and successful completion of, a course approved by the Board or Supreme Court, which shall include Indian law, New Mexico community property law, and professionalism. Rule 15-203(E); and

(10) proving the applicant is qualified, has good moral character, and is fit to practice law by submitting to a character and fitness examination. Rules 15-306(D) and 15-205.

65.     Under Rule 15-205 NMRA, New Mexico's character and fitness examination requires military spouses to inform the Board of their history regarding the following:

(1) unlawful conduct;

(2) academic misconduct;

(3) misconduct in employment;

(4) acts involving dishonesty, fraud, deceit, or misrepresentation;

(5) acts which demonstrate disregard for the rights or welfare of others;

(6) abuse of legal process, including the filing of vexatious or frivolous lawsuits;

(7) neglect of financial responsibilities or professional obligations;

(8) violation of an order of a court, including child support orders;

(9) conduct that evidences current mental or emotional instability that may impair the ability to practice law;

(10) conduct that evidences current drug or alcohol dependence or abuse that may impair the ability to practice law;

(11) denial of admission to the bar in another jurisdiction on character and fitness grounds;

(12) disciplinary action by a lawyer disciplinary agency or other professional disciplinary entity;

(13) suspension of a lawyer's license by any entity, including suspensions for non-payment of dues and failure to comply with mandatory continuing legal education requirements;

(14) making of false statements, including omissions, on bar applications in any state; or

13

(15) as otherwise determined by the board for just and good cause. An applicant shall supply additional information as requested by the Board. The Board may conduct further inquiry into an applicant's qualifications by conducting investigations, interviews, and hearings. Rules 15-306 and 15-205(B) and (C).

66. Under the rules adopted and implemented by Defendants, servicemembers and military spouses like Mr. Lees who are entitled to license portability under the SCRA are not able to practice law in New Mexico.

67. Under the rules adopted and implemented by Defendants, military spouses who apply under Rule 15-306 NMRA must provide additional documentation, including, but not limited to, transcripts and test scores, that are not required in an application for license portability under 50 U.S.C. § 4045a(c).

68. Under the rules adopted and implemented by Defendants, military spouses who apply under Rule 15-306 NMRA must pay for and submit to an additional character and fitness investigation that far exceeds the background check authorized by 50 U.S.C. § 4042a(d).

69. Mr. Lees and any other servicemembers or military spouses who were denied license portability under the SCRA or who were required to apply through a more burdensome process than is permitted by the SCRA are aggrieved persons and have suffered damages as a result of Defendants' conduct.

70. Defendants' conduct was intentional, willful, and made in disregard of the rights of servicemembers and their spouses.

## RELIEF REQUESTED

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that Defendants' conduct violated the SCRA;

2.     Enjoins Defendants, their agents, employees, and successors and all other persons and entities in active concert or participation with them, from:

    a.     failing or refusing to recognize as valid the covered license of a servicemember or the spouse of a servicemember who relocates to New Mexico because of military orders, in violation of the SCRA, 50 U.S.C. § 4025a;

    b.     failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, aggrieved servicemembers and military spouses to the positions they would have been in but for the illegal conduct; and

    c.     failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of their illegal conduct;

3.     Awards appropriate monetary damages to aggrieved servicemembers and spouses of servicemembers, pursuant to 50 U.S.C. § 4041(b)(2); and

4.     Assesses civil penalties against Defendants to vindicate the public interest, pursuant to 50 U.S.C. § 4041(b)(3).

The United States prays for such additional relief as the interests of justice may require.

Dated: June 11, 2026

Respectfully Submitted,

|  |  |
|---|---|
|  | TODD BLANCHE<br>Acting Attorney General |
| RYAN ELLISON<br>First Assistant United States Attorney<br>District of New Mexico | HARMEET K. DHILLON<br>Assistant Attorney General<br>Civil Rights Division |
|  | CARRIE PAGNUCCO<br>Chief |

/s/ Sean M. Cunniff
SEAN M. CUNNIFF
Assistant United States Attorney
United States Attorney's Office
District of New Mexico
201 3rd Street NW, Suite 900
Albuquerque, NM 87102
Phone: (505) 224-1473
Fax: (505) 346-2558
Email: sean.cunniff@usdoj.gov

ELIZABETH A. SINGER
Director, U.S. Attorneys'
Fair Housing Program

/s/ Audrey M. Yap
AUDREY M. YAP
Trial Attorney
Housing and Civil Enforcement Section
Civil Rights Division
United States Department of Justice
150 M Street NE
Washington, DC 20530
Phone: (202) 514-4713
Fax: (202) 514-1116
Email: audrey.yap@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*